**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-CV-23739-Martinez/Sanchez**

**JAN CARLOS PIMENTEL**
*individually and on behalf of all*
*others similarly situated,*

Plaintiff,

**v.**

**ECAPITAL FREIGHT FACTORING CORP.,**

Defendant.
_______________________________________/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Jan Carlos Pimentel ("Plaintiff") brings this class action against ECAPITAL FREIGHT FACTORING CORP. ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) (the "TCPA"). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. The TCPA affords special protections for people who, like Plaintiff, receive any call using any artificial or prerecorded voice. Specifically, the TCPA provides that each person who receives any such call is entitled to recover a penalty of up to $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

3. The problem with receiving unwanted telemarketing communications is a problem that most people in this country, like Plaintiff, frequently face. For example, in 2024 alone, approximately 52.8 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited January 6, 2025). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790 11553770803.

**NATURE OF THE CLAIM**

4. This is a putative class action arising from Defendant's violations of the TCPA.

5. To promote its services, Defendant places unsolicited telephone calls utilizing an artificial and/or prerecorded voice.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

8. The Court has personal jurisdiction over Defendant and venue is proper in this County because Defendant's tortious conduct against Plaintiff occurred within this District and, on information and belief, Defendant has sent the same prerecorded messages complained of by Plaintiff to other individuals within this District, such that some of Defendant's acts in making such calls have occurred within this District. Additionally, Plaintiff's telephone number has an area code that specifically coincides with locations in Florida.

## PARTIES

9. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Miami-Dade county, Florida.

10. Defendant is a corporation with its headquarters located in Aventura, Florida.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

12. On or about February 26, 2026, Defendant placed a call using a prerecorded voice message to Plaintiff's cellular telephone number ending in 9866 (the "9866" Number"). During the call, Defendant played a prerecorded voice message identifying Defendant. The message used by Defendant was recorded prior to it being utilized during the call to Plaintiff, and a live person did not read a script during the call.

13. Overall, Defendant placed at least seven prerecorded voice calls to the 9866 Number.

14. As demonstrated by the screenshots below, five of Defendant's prerecorded voice calls appear to be identical 39-second recordings.


11:55
5G 93
+1 (786) 638-4719
Unknown - Mar 3, 2026 at 16:15
00:00
-00:39
Add Contact
Report Spam
Transcript
Hi, I'm calling on behalf of E Capital. I hope you're having a great day. I'm reaching out because we work with trucking companies like yours to improve cash flow by getting your invoices paid the same day you deliver, instead of waiting 30 days or more. That's done through a process called freight factoring. So if faster access to your money sounds helpful, then I'd love to give you a quick rundown on how it works, and what it could save you. You can call me back at 913-340-7940. Again, that's 913-340-7940. Thanks again and safe driving out there.
Favorites
Recents
Contacts
Keypad
Voicemail
74


11:55
5G 93
+1 (786) 634-6358
Unknown - Mar 4, 2026 at 16:01
00:00
-00:39
Add Contact
Report Spam
Transcript
Hi, I'm calling on behalf of E Capital. I hope you're having a great day. I'm reaching out because we work with trucking companies like yours to improve cash flow by getting your invoices paid the same day you deliver, instead of waiting 30 days or more. That's done through a process called freight factoring. So if faster access to your money sounds helpful, then I'd love to give you a quick rundown on how it works, and what it could save you. You can call me back at 913-340-7940. Again, that's 913-340-7940. Thanks again and safe driving out there.
Favorites
Recents
Contacts
Keypad
Voicemail
74


11:55
5G 93
+1 (645) 208-0610
Unknown - Mar 24, 2026 at 11:49
00:00
-00:39
Add Contact
Report Spam
Transcript
Hi, I'm calling on behalf of E Capital. I hope you're having a great day. I'm reaching out because we work with trucking companies like yours to improve cash flow by getting your invoices paid the same day you deliver, instead of waiting 30 days or more. That's done through a process called freight factoring. So if faster access to your money sounds helpful, then I'd love to give you a quick rundown on how it works and what it could save you. You can call me back at 913-340-7940. Again, that's 913-340-7940. Thanks again and safe driving out there.
Favorites
Recents
Contacts
Keypad
Voicemail
74


11:55
5G 93
+1 (305) 709-5983
Unknown - Mar 25, 2026 at 13:42
00:00
-00:39
Add Contact
Report Spam
Transcript
Hi, I'm calling on behalf of E Capital. I hope you're having a great day. I'm reaching out because we work with trucking companies like yours to improve cash flow by getting your invoices paid the same day you deliver, instead of waiting 30 days or more. That's done through a process called freight factoring. So if faster access to your money sounds helpful, then I'd love to give you a quick rundown on how it works and what it could save you. You can call me back at 913-340-7940. Again, that's 913-340-7940. Thanks again and safe driving out there.
Favorites
Recents
Contacts
Keypad
Voicemail
74


11:55
5G 93
+1 (305) 709-5983
Unknown - Mar 26, 2026 at 18:11
00:00
-00:39
Add Contact
Report Spam
Transcript
Hi, I'm calling on behalf of E Capital. I hope you're having a great day. I'm reaching out because we work with trucking companies like yours to improve cash flow by getting your invoices paid the same day you deliver, instead of waiting 30 days or more. That's done through a process called freight factoring. So if faster access to your money sounds helpful, then I'd love to give you a quick rundown on how it works, and what it could save you. You can call me back at 913-340-7940. Again, that's 913-340-7940. Thanks again and safe driving out there.
Favorites
Recents
Contacts
Keypad
Voicemail
74

15. As demonstrated by the screenshots above, Defendant's prerecorded voice calls used identical scripted language.

16. While Defendant's prerecorded voice calls originated from several different telephone numbers, they all directed Plaintiff to call Defendant back at 913-340-7940.

17. Defendant's prerecorded voice calls did not mention anything that would specifically identify the Plaintiff.

18. On March 2, 2026, Defendant placed a 41-second prerecorded voice call to Plaintiff that contained the same scripted language as the five 39-second prerecorded voice calls described above.

19. Defendant's 41-second prerecorded voice call began with a delay.

20. When Plaintiff listened to the prerecorded voice calls, he was easily able to determine that they were prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message").

21. Indeed, the above-mentioned call received by Plaintiff utilized a recording of a generic sounding voice.

22. Defendant's prerecorded calls constitute telemarketing because they encourage the future purchase or investment in property, goods, and/or services, i.e., requesting that Plaintiff utilize Defendant's services.

23. Defendant's prerecorded calls constitute advertising because they call attention to Defendant's communication services.

24. The prerecorded calls Plaintiff received originated from the telephone number 786-638-4773.

25. Plaintiff received the subject calls with a prerecorded voice within this County and, therefore, Defendant's violation of the TCPA occurred within this County. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this County.

26. At no point in time did Plaintiff provide Defendant with their consent to be contacted with a prerecorded call.

27. Plaintiff is the subscriber and sole user of the 9866 Number and is financially responsible for phone service to the 9866 Number.

28. Defendant's unsolicited prerecorded calls caused Plaintiff and the Class members harm, including intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

29. Defendant's phone calls caused Plaintiff and the class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASS

30. Plaintiff brings this case as a class action pursuant Fla.R.Civ.P. 1.220, on behalf of Plaintiff and all others similarly situated.

31. Plaintiff brings this case on behalf of the below classes (the "Class") defined as follows:

> **Prerecorded Class - All persons in the United States who, within four years prior to the filing of this action through the date of class certification, received a prerecorded voice call on their cellular telephone, from Defendant, regarding or related to Defendant's property, goods, and/or services.**

32. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

33. Defendant and its employees or agents are excluded from the Class.

**NUMEROSITY**

34. Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to at least 50 consumers throughout the United States without their consent. The members of the Class, therefore, are so numerous that joinder of all members is impracticable.

35. Identification of the members of the Class is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

36. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a. Whether Defendant made non-emergency prerecorded calls to Plaintiff's and Prerecorded Class members' cellular telephones;

b. Whether Defendant can meet its burden of showing that it obtained prior consent to make such calls;

c. Whether Defendant's conduct was knowing and willful;

d. Whether Defendant is liable for damages, and the amount of such damages; and

e. Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

38. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

ADEQUACY

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

40. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other members of the Class.

PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

41. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain members of the Class are not parties to such actions.

**COUNT I**
**VIOLATIONS OF 47 U.S.C. § 227(b) AND 64.1200(a)**
**(On Behalf of Plaintiff and the Prerecorded Class)**

43. Plaintiff re-alleges and incorporates paragraphs 1-42 as if fully set forth herein.

44. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

45. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

46. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using … an artificial or prerecorded voice … other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made … ." 47 C.F.R. § 64.1200(a)(2).

47. Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Prerecorded Class.

48. Defendant did not have prior consent to call the telephones of Plaintiff and the other members of the Prerecorded Class when its calls were made.

49. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), 64.1200(a)(1)(iii), and 64.1200(a)(2) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Prerecorded Class without their consent.

50. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

51. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the Prerecorded Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Prerecorded Class are also entitled to an injunction against future calls.

52. WHEREFORE, Plaintiff, on behalf of themselves and members of the Prerecorded Class, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Prerecorded Class as defined above, and appointing Plaintiff as the representative of the Prerecorded Class and Plaintiff's counsel as Prerecorded Class Counsel;

b. An award of statutory damages for Plaintiff and each member of the Prerecorded Class as applicable under the TCPA;

c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

d. An injunction requiring Defendant to comply with 47 U.S.C. § 227(b) and 47 C.F.R. 64.1200(a);

e. An award of attorney's fees, costs, and interest, as allowed by applicable law; and

**f.** Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: July 8, 2026

Respectfully Submitted,

/s/ Samuel J. Awad

**SAMUEL J. AWAD, ESQ.**
Florida Bar No.: 1058426
E-mail: samuel@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*